IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
    v.                           )    No.  10 C 4511
                                 )         (06 CR 174-3)
ERNEST MYERS #18545-424,         )
                                 )
            Defendant.           )

## MEMORANDUM OPINION AND ORDER

This Court has recently been required to issue a number of memorandum orders as the result of several filings by Ernest Myers ("Myers")--filings that gave the initial appearance of efforts to bring a 28 U.S.C. §2255 ("Section 2255") motion challenging his conviction and sentence.[1] When Myers then disavowed that purpose, this Court took appropriate steps to avoid the prospect that some later filing of a motion that would actually be intended as a Section 2255 challenge could be faced with its being characterized as a "second or successive motion," carrying the legal baggage imposed on such a multiple effort.[2] Indeed, just two days ago this Court issued a memorandum order

---

[1] Those earlier orders were docketed in Case No. 06 CR 174-3, the underlying criminal case, and Case No. 10 C 3092, the civil case number assigned as a matter of administrative convenience.

[2] In that respect it bears noting that two of Myers' earlier submissions were captioned "Motion To Show Cause Pursuant to the Due Process Clause and 28 U.S.C. 2255"(emphasis added). Little wonder, then, that this Court had taken Myers at his word in viewing those filings as essaying a potential Section 2255 motion.

that rejected the most recent "show cause" motion referred to in n.2 as not having satisfied the requirements to qualify as a Section 2255 motion.

But now the mystery created by Myers' earlier submissions appears to have been solved. Yesterday (the day after issuance of the just-described memorandum order) this Court received from the Clerk's Office the Judge's Copy of a thick new filing by Myers that has employed the Section 2255 motion form provided by that office for use by persons convicted of federal offenses.[3] In any event, this Court has taken a preliminary look at Myers' turgid filing--33 pages of text interlaced with a like number of photocopies of excerpts from the transcript of his trial.[4]

Although this Court has made no effort to be comprehensive

---

[3] Myers' signature on the newly-received motion form states under penalty of perjury that he placed the motion in the prison mailing system on June 29, a date that would render the stamped July 19 receipt in the Clerk's Office difficult to understand. But that representation is simply not true, for Myers has sworn elsewhere in the motion papers (again under penalty of perjury) that he served a copy of the motion on Assistant United State Attorney Christopher Hotaling on July 14 (and some of the exhibits that Myers attaches also bear July dates, one of those being the Court of Appeals' July 2 dismissal of Myers' most recent appeal pursuant to his July 1 motion for voluntary dismissal).

[4] "Interlaced" is used advisedly here. Those 33 pages (each of which includes four pages of the actual transcript) are inserted at various places throughout the text, each following some discussion by Myers as to some claimed constitutional deprivation. That practice has of course increased the difficulty of reading Myers' submission with an appropriate degree of continuity.

in this respect, as would be the case if it were reaching a definitive ruling, a number of Myers' asserted 20 grounds for relief are patently without merit. Just one or two examples may be noted.

At page 2 of Myers' lengthy narrative, which he labels "Memorandum of Fact[s]," he states (copied verbatim):

> INstead, Petitioner endured a trial where the following witnesse[s], Rodney Bew, and William Pruitte, were permitted to converse and plot with one another before testifying at trial: THis violated the sequestering rule 615, and was nothinh more than a sham on the court and the jury.

That assertion is not at all supported by the record (in fact, the testimony of both those witnesses at trial was exactly to the contrary, and Myers has no basis for calling that into question). Then Myers, id. goes on to state--again totally without support:

> The attorney[s] for the government knew that both of the witnesse[s] perjured themselve[s] before the court and the jury, when they testified under oath.

Having advanced his assertions with nothing to support them but his own ipse dixit, Myers goes on to repeat his earlier requests in his "show cause" motions that polygraph tests should be administered not only to witnesses Bew and Pruitte but also to both Assistant United States Attorneys who handled the trial, Christopher Hotaling and Morris Pasqual.

But as already stated, this Court will not now attempt to parse Myers' other claims in depth. Because he has set out a number of assertions as to constitutionally inadequate

3

representation by counsel,[5] for present purposes an answer to that charge is called for before it can be ruled upon--even though his claims of constitutionally inadequate representation by trial counsel Harris seems to gloss over the fact that the same lawyer pulled a rabbit out of the hat by obtaining a not guilty verdict on all but one count in the face of a great deal of adverse evidence.[6] But for present purposes, Myers' assertions will be taken at face value sufficiently to require a response.

Accordingly, as provided in Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the United States Attorney is ordered to file an answer (which may also include, in part, a motion or other response) on or

---

[5] Myers' Memorandum of Facts at 1 refers to his appellate counsel Elizabeth Perkins as also having allegedly provided ineffective assistance. But unless this Court has missed something in wading through Myers' presentation, he has said nothing to implicate Ms. Perkins in any of his contentions. Instead his focus has concentrated on trial counsel Bradley Harris.

[6] This Court, of course, heard all of the evidence as well as both sides' closing arguments. There is no question that on the evidence the factfinding jury could well have found Myers guilty beyond a reasonable doubt on the charge of actual arson as well as the charge of attempted arson a few days earlier (the only count on which the jury verdict was adverse to Myers). As for the actual arson charge on which attorney Harris succeeded in obtaining Myers' acquittal, this Court found that a preponderance of the evidence supported a guilty finding, so as to justify taking it into account for sentencing purposes. That determination was upheld by the Court of Appeals in the course of affirming Myers' conviction and sentence (United States v. Myers, 569 F.3d 794, 800 (7th Cir. 2009)).

4

before August 30, 2010.  And because of the nature of Myers' assertions of constitutionally inadequate representation, attorney Harris is ordered to provide an appropriate submission within the same time frame.  In that latter regard, Myers should be aware that charges of the type he has advanced carry a price: When the conduct of a criminal defense attorney is placed under attack as Myers has done, any attorney-client privilege that attached to the defense of the criminal action is "stripped away" (Edna Selan Epstein, <u>The Attorney-Client Privilege and the Work-Product Doctrine</u> 561, 564 (5th ed. 2007)), so that Harris may disclose (for example) any admissions or other statements that Myers may have made to him during the course of the representation.

                                _____
                                Milton I. Shadur
                                Senior United States District Judge

Date:  July 23, 2010