```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
          Respondent,            )
                                 )
     v.                          )    No. 10 C 4511
                                 )    (06 CR 174-3)
ERNEST MYERS #18545-424,         )
                                 )
          Movant.                )
```

                           MEMORANDUM ORDER

In his most recent effort to challenge his conviction for attempted arson on which he is currently serving a lengthy custodial sentence, Ernest Myers ("Myers") has tendered a reply that (1) charges the United States with the knowing use of perjured testimony and (2) supplies several statements and affidavits that, if credited, bear on his conviction:

1. a proposed alibi statement by Myers' daughter Brea McCallum (who was 7 years old at the time of Myers' alleged commission of the crime);

2. a like statement by Myers' daughter Tyniah McCallum (she was 6 years old at the time of the charged offense);

3. a statement by Myers' wife Yvette; and

4. a typed statement with the handwritten name Will Pruitte ("Pruitte") filled in, and signed by Pruitte, in which he (a) asserts that he had discussed the offense with

Rodney Bew when they were both at the MCC and (b) charges
misconduct on the part of the Assistant United States
Attorney.

Without weighing in on the believability or lack of believability of those statements, this Court finds that an evidentiary hearing is required -- unless, that is, the United States demonstrates that such is not the case. For that purpose a government sur reply is ordered to be filed on or before December 15, 2010.

One additional comment is called for. Myers has thrown into the mix some serious allegations of perjury -- even worse, perjury known to or sponsored by the government prosecutor. Charges of that nature are necessarily taken seriously whatever the source, and this Court will do so. But Meyers should be aware that such charges are not risk-free: If it were to turn out that perjury is present on his side of the case, (including subornation of perjury by Myers himself), this Court would give serious consideration to the imposition of appropriate sanctions.[1]

                                   _____
                                   Milton I. Shadur
                                   Senior United States District Judge
Dated: November 30, 2010

---

[1] What has just been said in the text should be understood as a promise, rather than a threat of any kind. This Court assures both sides that it will be even-handed in its consideration of the matter.

2