IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |
| ) | |
| v. ) | No. 10 C 4511 |
| ) | (06 CR 174-3) |
| ERNEST MYERS #18545-424, ) | |
| ) | |
| Movant. ) | |

MEMORANDUM ORDER

Ernest Myers ("Myers"), having struck out in his direct attacks on his 2001 conviction on an attempted arson charge, has most recently launched a collateral attack via a 28 U.S.C. §2255 ("Section 2255") motion that charges his trial counsel with constitutionally inadequate representation. Despite the questions that this Court has harbored in that respect,[1] it has given Myers the broadest possible scope to advance his claim.

Myers has taken that opportunity to widen his attack, more recently tendering a reply that charges the Assistant United States Attorneys in the case with having suborned perjury on the part of witness Will Pruitte ("Pruitte"). But in doing so Myers has overreached himself: Understandably stung by what it has now demonstrated to be an outrageously false accusation, the

---

[1] After all, this Court presided over Myers' trial, and it then observed what at least appeared to be high quality representation provided by his lawyer, who succeeded in persuading the jury to acquit Myers on the more serious charge of actual arson despite very substantial evidence proffered by the government in that regard.

government has weighed in with its "Sur-reply to Movant's Motion under 28 U.S.C. §2255 Seeking To Vacate, Set Aside, or Correct Sentence"--a damning presentation that puts the lie to Myers' claim in that respect and, indeed, collapses his entire house of cards.

This Court had earlier contemplated the prospect of conducting an evidentiary hearing to address Myers' contentions. But the chapter and verse provided by the government's January 10 filing negates any need for such a hearing to dispatch Myers' motion. Not only is his claim of counsel's unconstitutional deficiency demonstrably false,[2] but he has involved his two daughters (who were respectively six and seven years old at the time of the 2001 offense) and his wife in patently incredible alibi statements,[3] and he has also embroiled his wife and son in

---

[2] Myers has effectively rewritten King Lear's exclamation (W. Shakespeare, King Lear act I, sc. iv, l. 312 so that it applies to his trial counsel:

> How sharper than a serpent's tooth it is
> To have a thankless client!

[3] Even apart from the improbability of their now recalling having been with Myers at a mall on a specific (and critical) day in May 2001, the government's filing has adduced objective evidence that torpedoes any claim of ineffective assistance by counsel in that respect. In his trial preparation Myers' lawyer inquired specifically (and unsuccessfully) into the possibility that any of the family members had recollections (at a time when the arson incident was much more recent in time) that could serve to exculpate him.

deliberately deceptive conduct that led to the submission of a false recantation of Pruitte's trial testimony.

There is really no need for further elaboration. Suffice it to say that the powerful responses contained in the government's 10-page reply and the attached Pruitte affidavit have conclusively shown Myers to have fabricated his entire presentation. There is no call for an evidentiary hearing, and Myers' Section 2255 motion is denied out of hand.

                                                          _____
                                                          Milton I. Shadur
                                                          Senior United States District Judge

Date: January 11, 2011