IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | No. 10 C 4511 |
| | ) | (06 CR 174-3) |
| ERNEST MYERS #18545-424, | ) | |
| | ) | |
| Movant. | ) | |

MEMORANDUM ORDER

Ernest Myers ("Myers") has continued his campaign of ad hominem attacks on this Court, most recently via a document received in the Clerk's Office on February 15 and captioned "Motion to Vacate and setaside the January 31, 2011 order denying 2255 rehearing." This Court's numerous memorandum opinions and memorandum opinions and orders have sought to explain the deficiencies in Myers' filings patiently and in detail, but to no avail, so that the most recent (January 31) minute order that he now challenges simply said:

> Any effort to stanch the flow of the seemingly endless filings by Ernest Myers ("Myers") brings to mind the classic scene in Disney's Fantasia in which Mickey Mouse, as the Sorcerer's Apprentice, attempts to sweep back the sea with a broom to the tune of Dukas' composition bearing that name. This time no repetition of this Court's several explanations of Myers' disentitlement to relief will be essayed--instead his motion for reconsideration and rehearing is simply denied--this case has been and is closed.

After the entry of that minute order, Myers sought to bring a judicial misconduct complaint against this Court, but that

effort was rebuffed in the attached February 9 memorandum from Chief Judge Frank Easterbrook of our Court of Appeals.  That memorandum instructed Myers in part that "The court of appeals is the appropriate forum for review of a district judge's rulings," but Myers has apparently not accepted that directive either.

In short, Myers' most recent motion is denied, and he is free to take his grievance to the Court of Appeals.  No further filings by Myers will be accepted in this District Court unless the Court of Appeals directs otherwise.

                                  _____
                                  Milton I. Shadur
                                  Senior United States District Judge

Date:  February 17, 2011

THE JUDICIAL COUNCIL OF THE SEVENTH CIRCUIT
219 South Dearborn Street
Chicago, Illinois 60604

February 9, 2011

FRANK H. EASTERBROOK
Chief Judge

No. 07-11-90012

IN RE COMPLAINT AGAINST A JUDICIAL OFFICER

MEMORANDUM

Complainant, a federal prisoner, contends that the judge who presided at his trial and has handled several post-judgment motions has ruled incorrectly and must be biased against him.

Any complaint that is "directly related to the merits of a decision or procedural ruling" must be dismissed. 28 U.S.C. §352(b)(1)(A)(ii). See also Rule 11(c)(1)(B) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings. "Any allegation that calls into question the correctness of an official action of a judge ... is merits related." Standard 2 for Assessing Compliance with the Act, *Implementation of the Judicial Conduct and Disability Act of 1980: A Report to the Chief Justice* 145 (2006). The allegations of this complaint fit that description. The judge's adverse rulings are the only evidence of bias that complainant offers. It is not possible to obtain review by the Judicial Council of a district judge's decisions by relabeling them as evidence of bias. See *Liteky v. United States*, 510 U.S. 540 (1994). The court of appeals is the appropriate forum for review of a district judge's rulings. Complainant's conviction and sentence have been affirmed on appeal. Other appeals have been filed and dismissed, or remain pending. The Judicial Council, an administrative body, is not a substitute for appellate review.