```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

UNITED STATES OF AMERICA,         )
                                  )
          Respondent,             )
                                  )
     v.                           )    No. 10 C 4511
                                  )    (06 CR 174-3)
ERNEST MYERS #18545-424,          )
                                  )
          Movant.                 )
```

<u>MEMORANDUM ORDER</u>

Ernest Myers ("Myers") is not only indefatigable (a characterization employed in this Court's brief April 5, 2011 memorandum order, even before Myers' current submissions) but obviously believes that he can continue to dispute his earlier-affirmed conviction and to persist in a time-barred 28 U.S.C. §2255 motion, both cost-free. But Myers is mistaken: Fed. R. Civ. P. ("Rule") 11 applies to unrepresented parties as well as to lawyers, and Rule 11(c) allows the imposition of appropriate sanctions for violations of the obligation to tender only filings that satisfy the Rule 11(b) standard of objective good faith.

Now, shortly after this Court's issuance of still another brief memorandum order on November 10, 2011 (only the most recent of a host of memoranda this Court has had to generate in connection with Myers' numerous filings), Myers has come forward with two new documents, respectively headed:

> Motion for a more definite statement pursuant to the
> First, Fifth, Sixth and Fourteenth Amendment; and

> Rule 10 of the Federal Rule of Appellate Procedure, inclusive of procedural due process to prevent a miscarriage of Justice.
>
> Petition for the Court to issue order[s] to the United States Marshal to serve a Subpoena Deuces Tecum to Warden Catherine Linaweaver at M.C.C., downtown Chicago...pursuant to the First, Fifth, Sixth and Fourteenth Amendment and Federal Rule of Criminal Procedure Rule 17 and Federal Rule of Civil Procedure Rule 45.

Neither of those motions can be granted as filed--instead both are denied without prejudice.

In light of this Court's current consideration of the possibility of imposing sanctions on Myers, the United States Attorney is directed to file a response as to the relevance or lack of relevance of Myers' assertions as to Rodney Bew. This Court plans to issue an expanded ruling on the two motions after receiving that response.

In the meantime, no further filings will be accepted from Myers. In that respect, when a litigant evidences a pattern of abusing the privilege of access to the courts, this District Court's Executive Committee has not been hesitant to enter an order forbidding future filings except upon terms set out in the Executive Committee's order. It remains to be seen whether such an order will be called for here.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 5, 2011