```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

UNITED STATES OF AMERICA,         )
                                  )
          Respondent,             )
                                  )
     v.                           )    No. 10 C 4511
                                  )    (06 CR 174-3)
ERNEST MYERS #18545-424,          )
                                  )
          Movant.                 )
```

                        MEMORANDUM ORDER

    This Court's December 5, 2011 memorandum order ("Order") was its most recent response to the seemingly endless and persistent (indeed, persistently groundless) efforts by Ernest Myers ("Myers") to challenge his repeatedly upheld conviction and sentence.  Understandably, the government was swift in complying with the Order's "direct[ive] to file a response as to the relevance or lack of relevance of Myers' assertions as to Rodney Bew"--after all, government counsel have been living with Myers' abuse of the litigation process just as long as this Court.

    In light of the government's December 9 response, this Court frankly sees no need to waste further efforts in generating "an expanded ruling on [Myers' two motions after receiving that response]," as the Order had contemplated--instead it simply adopts the analysis in the government's response as to the two procedural defects and one substantive defect in Myers' submission, any one of which flaws would be fatal to his current

motions.  Both motions were denied without prejudice in the Order, and that ruling is reconfirmed here.

To turn to the Fed. R. Civ. P. ("Rule") 11 consideration set out at the outset of the Order, there is no question that Myers has flouted the requirements of Rule 11(b) repeatedly. Rule 11(c)(4) imposes the requirement that any sanction for Rule 11(b) violations "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  In accordance with the further provisions of that Rule:

> 1.  This Court recommends to the Executive Committee of this District Court that Myers be added to the list of persons from whom no further filings will be accepted without express prior consent by the Executive Committee.
>
> 2.  Because that limitation might well be insufficient as a deterrent (Myers' prior conduct suggests that he might simply continue his bombardment of groundless filings, thereafter taking the form of requests for leave directed to the Executive Committee), it is appropriate to consider imposition of a financial sanction.  At the same time, this Court has no desire to create a financial hardship for Myers.  Accordingly he is ordered to file on or before

January 5, 2012 a financial statement reflecting his assets and liabilities and his income from all sources.[1]

                                                                     _____
                                                                     Milton I. Shadur
                                                                     Senior United States District Judge

Date:   December 13, 2011

---

[1] This directive is obviously an exception to the limitation on further filings that may be imposed in accordance with the above-numbered paragraph 1--so long, that is, as Myers does not seize on the filing required in the text as the occasion to renew his earlier groundless attacks.