IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION

UNITED STATES OF AMERICA,         )
                                  )
            Respondent,            )
                                  )
      v.                          )     No. 10 C 4511
                                  )     (06 CR 174-3)
ERNEST MYERS #18545-424,           )
                                  )
            Movant.                )

                           MEMORANDUM ORDER

      This Court's December 13, 2011 memorandum order ("Order") not only dispatched the most recent of what it termed "the seemingly endless and persistent (indeed, persistently groundless) efforts by Ernest Myers ('Myers') to challenge his repeatedly upheld conviction and sentence" but also went on to consider measures that might stem the tide of what had long since developed into a major abuse of the system. That has now been accomplished in part by the January 20 order of the District Court's Executive Committee adding Myers to the list of persons barred from the filing of new cases without express prior consent. This memorandum order therefore speaks primarily to the possibility of imposing a financial sanction because of his filings in this earlier case.

      In that respect all that Myers has done is to provide a printout reflecting deposits during the time frame from April through December 2011 to his trust fund account at Oxford FCI,

where he is serving his custodial sentence, as though this Court had inquired as to his ability to qualify for in forma pauperis status under 28 U.S.C. §1915. It had not--instead this Court had ordered Myers to file by January 5 "a financial statement reflecting his assets and liabilities and his income from all sources." That order is therefore renewed, with a new deadline of February 8, 2012.[1]

But something more should be added as to the nature of the Executive Committee's addition of Myers to the restricted filer list, which as indicated earlier focuses its standard prohibition on litigants who persist in launching groundless new litigation. By contrast, Myers' paper avalanche regularly carries the same case caption as this memorandum order. Hence Myers is warned that this case is <u>over</u>--that anything further from him that would carry this case caption and pursue the same goals as his numerous earlier filings will be treated as violating (and therefore in contempt of) this Court's prohibitory order.

                                                */s/ Milton I. Shadur*
                                      _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: January 24, 2012

---

[1] By way of example, Dkt. 67 comprises Myers' motion that couples his purported compliance with this Court's financial statement order (something that is denied for the reasons stated in the text) with a requested investigation of Rodney Bew, a request that is denied out of hand because it is still another effort to thresh old straw.